UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00027-TWP-MJD |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kelly W.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying her application for Supplemental Security Income ("SSI") under the Social Security Act. For the following reasons, the Court **affirms** the decision of the Commissioner.

### I. PROCEDURAL BACKGROUND

On April 4, 2016, Kelly W. protectively filed an application for SSI, alleging a disability onset date of August 2, 2012. (Filing No. 8-2 at 29.) Her application was initially denied on December 30, 2016, (Filing No. 8-4 at 13), and upon reconsideration on June 1, 2017, (Filing No. 8-4 at 26). Administrative Law Judge Ronald T. Jordan (the "ALJ") conducted a hearing on December 17, 2018, at which Kelly W., represented by counsel, and a vocational expert ("VE"), appeared and testified. (Filing No. 8-2 at 46-65.) The ALJ issued a decision on January 25, 2019, concluding that Kelly W. was not entitled to receive benefits. (Filing No. 8-2 at 26-38.) The Appeals Council denied review on November 22, 2019. (Filing No. 8-2 at 2.) On January 6, 2020,

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

*pro se* Plaintiff, Kelly W., timely filed this civil action, asking the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner denying her benefits. (Filing No. 1.) The Court notes that jurisdiction is also proper according to 42 U.S.C. § 1383(c).

## II.     STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the

fourth and fifth steps. *See* 20 C.F.R. § 416.920(a)(4)(iv)-(v). Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1)[2]; Social Security Ruling ("SSR") 96-8p (S.S.A. July 2, 1996), 1996 WL 374184). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy. *Id*.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning Disability Insurance Benefits and SSI, which are identical in most respects. Cases, as here, may reference the section pertaining to the other type of benefits under the Social Security Act. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.945(a)(1). The Court will take care to detail any substantive differences that are applicable to the case but will not always reference the parallel section when there is no substantive difference.

is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id*. (citation omitted).

### III. FACTUAL BACKGROUND

In her original petition, Kelly W. alleged that she could no longer work because of heart, neck, back, shoulder, knee and ankle problems, high blood pressure, anxiety disorder, depression, and headaches. (Filing No. 8-6 at 3.) She was 42 years old on her alleged onset date, had completed the sixth grade and previously worked as a baker. (Filing No. 8-6 at 5.) The relevant evidence of record is amply set forth in the Commissioner's brief, as well as the ALJ's decision, and need noy be repeated here. The Court will supply specific facts relevant to this case, as discussed below.

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.920(a)(4) and ultimately concluded that Kelly W. was not disabled. (Filing No. 8-2 at 38.) At step one, the ALJ found that Kelly W. had not engaged in substantial gainful activity[3] since April 4, 2016, the application date. (Filing No. 8-2 at 31.) In her complaint, Kelly W. identified her claim as arising under Title II of the Social Security Act for Disability Insurance Benefits.

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e*., involves significant physical or mental activities) and gainful (*i.e*., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 416.972(a).

4

(Filing No. 1 at 2.) SSI is not compensable before the application date. 20 C.F.R. § 416.335. [4] At step two, the ALJ found that Kelly W. had "the following severe impairments: coronary artery disease, obesity, depression, anxiety and substance abuse." (Filing No. 8-2 at 31 (citation omitted).) At step three, the ALJ found that Kelly W. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Filing No. 8-2 at 32.) After step three but before step four, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as follows: [s]he can lift, carry, push or pull 20 lbs. occasionally and 10 lbs. frequently. She can stand and walk in combination 6 hours in an 8-hour day and sit 6 hours. She can occasionally balance, stoop, crouch, crawl, kneel and climb stairs or ramps. She cannot climb ladders, scaffolds or ropes and should not work around hazards such as unprotected heights or unguarded, dangerous moving machinery. She should not work in extremes of hot or cold temperatures. She should not be subjected to concentrated levels of dust, fumes, gasses, strong odors or poor ventilation. She is limiting to work involving only simple, repetitive tasks, requiring only occasional independent judgment regarding primary work processes. Work goals from day to day will be static and predictable.

(Filing No. 8-2 at 33-34.) At step four, the ALJ found that Kelly W. did not have any past relevant work to consider. (Filing No. 8-2 at 36.) At step five, considering Kelly W.'s age, education, work experience, and RFC, as well as the VE's testimony, the ALJ concluded that Kelly W. could have performed other work through the date of the decision with jobs existing in significant numbers in the national economy in representative occupations, such as a collator operator, routing clerk, and sorter. (Filing No. 8-2 at 36-37.)

---

[4] In a letter to the Court, which has been construed as her brief, she also alludes to filing for "Social Security Disability" rather than "Social Security." (Filing No. 17 at 1.) Based on her earnings record, Kelly W. has never been fully insured for Disability Insurance Benefits, such that her claim must be limited to SSI. (*See* Filing No. 8-5 at 8.) Moreover, she was previously denied SSI benefits by another Administrative Law Judge on April 22, 2014, (Filing No. 8-3 at 25-45), and the Appeals Council denied review, (Filing No. 8-3 at 46.) With this application, Kelly W. was represented at the hearing and did not request to have any prior application reopened. Accordingly, the period at issue begins with the most recent application date, April 4, 2016, through the date of the ALJ's decision.

5

## IV. DISCUSSION

Kelly W. contends in her Complaint that the ALJ ignored all her doctors' statements. (Filing No. 1 at 3.) She also filed various letters with the Court asserting that she is disabled because of her combined impairments. (Filing No. 17; Filing No. 18; Filing No. 22; and Filing No. 27.) Kelly W. was represented during her administrative hearings, but because she proceeds *pro se* in this action, the Court has considered the letters she submitted as her briefs and will liberally construe her pleadings. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).

### A. Waiver

Even a *pro se* litigant must "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020), *reh'g denied* (July 14, 2020), *cert. denied*, 141 S. Ct. 597 (2020) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). The closest Kelly W. comes to raising an issue with the ALJ's decision is that he ignored her doctors' statements. However, Kelly W. does not identify what those statements were or by whom they were made. The ALJ noted that "no examining or treating medical professional ha[d] alleged [that Kelly W. was] disabled, despite [her] appearing to request such an opinion." (Filing No. 8-2 at 36 (citations omitted).) The Court does not find any medical opinion that was neglected, nor medically determinable impairments that were established by the record but ignored by the ALJ. Because Kelly W. "does not develop arguments addressing the ALJ's reasoning, any challenges are waived." *Greenwell*, 811 F. App'x at 370 (citing *Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018)).

### B. Consultative Examiner's Opinion

However, the Court does identify one error on the face of the ALJ's decision. On May 22, 2017, Kelly W. was examined—at the request of the SSA—by a licensed clinical psychologist, Michael D. Pisano, Ph.D. (Filing No. 8-17 at 27.) Dr. Pisano assessed that "she would do best in

6

future jobs which did not involve contact with coworkers or the public." (Filing No. 8-17 at 32-33.) The ALJ noted that the state agency "reviewing psychologists assessed her depression and anxiety as non[-]severe. However, I am giving her the benefit of the doubts [sic] and limiting her [to] simple and repetitive task[s], i.e., unskilled work, and limited social contact, based upon Dr. Pisano's medical source statement." (Filing No. 8-2 at 35 (citation omitted).) As detailed above, the ALJ's RFC finding did not limit social contact.

Anticipating that such an error would be found by the Court, the Commissioner argues that it was harmless because had the ALJ's RFC finding included a limitation to no contact with coworkers and the public—consistent with Dr. Pisano's opinion—the VE's testimony demonstrated that a significant number of jobs would still have been available for an individual with Kelly W.'s combined limitations. (Filing No. 25 at 13-14.)

The Court agrees that the error is harmless on this record. The Seventh Circuit has described the harmless error doctrine:

> But administrative error may be harmless: we will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result. *Spiva v. Astrue,* 628 F.3d 346, 353 (7th Cir.2010). That would be a waste of time and resources for both the Commissioner and the claimant. Thus, we look at the evidence in the record to see if we can predict with great confidence what the result on remand will be. We note (yet again, see *Spiva,* 628 F.3d at 353 and the critical discussion therein) that the harmless error standard is not, as the Commissioner and district court seem to believe, an exercise in rationalizing the ALJ's decision and substituting our own hypothetical explanations for the ALJ's inadequate articulation. We have already concluded that the ALJ erred. The question before us is now prospective—can we say with great confidence what the ALJ would do on remand—rather than retrospective.

*McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Here, the VE testified that an individual with the limitations that would ultimately comprise Kelly W.'s RFC was capable of work as a collator operator, routing clerk, and sorter—with the number of jobs in the national economy corresponding to those occupations totaling approximately 115,000. (*See* Filing No. 8-2 at 60-61.)

7

Kelly W.'s hearing representative asked about the effect of adding a limitation to no contact with co-workers and the public; the VE testified—based on his experience placing an individual needing some isolation—that the same occupations would be available, except the job numbers would be eroded by 70%. (*See* Filing No. 8-2 at 64.) Accordingly, approximately 34,500 jobs would remain even if Dr. Pisano's assessed limitation had been properly included in the RFC finding. The Seventh Circuit has held as a matter of law that as few as 1,400 jobs can meet the Commissioner's burden at step five. *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993). As such, the error is harmless based on the VE's testimony.

### C.  Evidence Submitted on Appeal

Kelly W. has also submitted medical evidence on appeal. (Filing No. 17-1.) The Seventh Circuit has explained that "[a] reviewing court may order additional evidence to be taken before the Commissioner upon a showing that there exists 'new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Schmidt v. Barnhart*, 395 F.3d 737, 741-42 (7th Cir. 2005) (quoting 42 U.S.C. § 405(g) (sentence six)). "Evidence is 'new' if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Schmidt*, 395 F.3d at 742 (quoting *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997)). "New evidence is 'material' if there is a 'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt*, 395 F.3d at 742 (quoting *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999)). "Thus, new evidence is material only if it is relevant to the claimant's condition 'during the relevant time period encompassed by the disability application under review.'" *Schmidt*, 395 F.3d at 742 (quoting *Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir. 1990)).

The evidence either predates the period under review, (*see, e.g.*, Filing No. 17-1 at 1 (discharge summary from hospitalization in 2012)), or postdates the ALJ's decision, *see also supra*

8

note 5 and accompanying text.  Notably, in April 2019, Kelly W. was diagnosed with severe mental health impairments upon resuming specialized treatment.  (Filing No. 17-1 at 19-20.)  The ALJ evaluated the severity of Kelly W.'s mental impairments through the date of the decision, January 25, 2019.  The Court's review is limited to Kelly W.'s "condition as it existed at or prior to the time" the ALJ's decision.  *Schmidt*, 395 F.3d at 742.  Accordingly, the evidence that Kelly W. submitted on appeal is not material to her application under review.  As such, the Court lacks jurisdiction under the Social Security Act to have the Commissioner consider the evidence on remand.

If Kelly W. "has developed additional impairments, or [her] impairments have worsened" since the application under review, she may submit a new one to the SSA.  *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

## V.      CONCLUSION

"The standard for disability claims under the Social Security Act is stringent."  *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010).  For the reasons stated above, the Court finds no legal basis to reverse the ALJ's decision.  The final decision of the Commissioner is **AFFIRMED**.  Kelly W.'s appeal is **DISMISSED**.

**SO ORDERED.**

Date:   2/5/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kelly W.
6965 E. County Road 425 N
Brownsburg, Indiana  46112

Lindsay Beyer Payne
SOCIAL SECURITY ADMINISTRATION
lindsay.payne@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov